### HENRY L. PARKER v. P. P. ELDER.

PRACTICE; *Service by Publication; Opening Default.* Where the defendant was only served by publication and judgment was rendered before the answer-day, and before forty-one days after the first publication had expired, *held*, that it was error to refuse to grant a motion made in due time to set aside the judgment.

#### *Error from Franklin District Court.*

ELDER, in an action against three non-residents for the partition of real property, applied for and took judgment two days before the day designated in the published notice as that on which defendants were required to answer. Such judgment was given at the March Term, 1870, and none of the defendants had appeared or answered. Afterward, on the 2d of June, 1870, *Parker*, one of the defendants, filed a motion to open said judgment under the statute, and gave notice to *Elder* that on the 20th of June, or as "soon thereafter as counsel could be heard," said motion would be made in court, said motion being as follows:

[TITLE.] "And now comes *Henry L. Parker*, a defendant

herein, and asks to have the order and judgment entered herein at the Spring Term of this court opened and to be let in to defend. Said motion will be made upon the papers already on file, upon a proposed answer filed herewith, and such affidavits as may be filed under the rule of the court."

On the 20th of June said motion was heard. In support thereof *Parker* filed his affidavit, showing among other facts that he had no notice of the pendency of the suit until after the judgment was rendered. The court overruled the motion, and from such order and decision *Parker* appeals, and brings the case here by petition in error.

*T. C. Sears*, and *English & English*, for plaintiff in error:

1. The service by publication was not good. The affidavit filed as the basis for the order of publication does not show that the person making the same had personal knowledge of the facts sworn to by him, nor does it state the nature of the judgment to be rendered; and it bears date prior to the filing of the petition. Code, §§ 74, 75. In cases of constructive service, they being special statutory proceedings, everything necessary to confer jurisdiction must appear affirmatively of record. 2 Kas., 340; 12 Ohio, 272; 3 G. Greene, 387; 33 Ill., 460; 10 Wis., 501; 6 Iowa, 331; 16 N. Y., 185; 13 How., 45; 17 Wis., 197.

2. The judgment was rendered two days before the time named in the notice for answering, and was rendered in less than 41 days after the first day of publication. Code, § 74.

Parker's application was in all respects a full compliance with the requirements of § 77 of the code, and the court had no discretion but must vacate the order.

*A. W. Benson*, for defendant in error:

1. All the presumptions are to be taken in favor of the regularity of the proceedings. 5 Kas., 341.

2. Parker's appearance on the 2d of June was a waiver of all questions not raised by his motion, and he thereby subjected himself to the jurisdiction of the court; 6 Kas., 385; and his

*subsequent* appearance and motion to set aside the appraisement was a waiver of all errors and irregularities up to that time. 2 Wait's L. & Pr., 17.

The opinion of the court was delivered by

KINGMAN, C. J.: This was a petition for partition. An attempt was made to serve the defendants (plaintiffs in error,) by publication. The first publication was made on the 17th of February, 1870, notifying the defendants to answer on or before the 31st of March. On the 29th of March, two days before the answer-day, and before the service was complete, judgment was rendered. On the 20th of June thereafter Parker, on due notice given, moved the court to set aside the judgment. This motion was overruled and excepted to. This motion should have been granted. The judgment was rendered before the cause stood for trial, and before the plaintiff in error, Parker, was in default. Code, § 74. The motion was made in time, (§ 569,) on the ground indicated, and was broad enough to include the cause on which we have decided the case.

This decision disposes of the case. Some of the other alleged errors in the publication are not now in controversy as to the parties now before this court, as the motion made on the 20th of June was such an appearance as to Parker as to waive any defect in the publication, if such existed. The affidavits of Parker and Elder, and the prepared answer of Parker, although in the transcript, are not a part of the record. They could only be made so by a bill of exceptions.

The judgment is reversed with directions to grant the motion to set aside the judgment and permit Parker to answer, and for further proceedings.

All the Justices concurring.